AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
**Northern District of California**

| | |
|---|---|
| United States of America<br>v.<br>**GEORGE CIEPIELA**<br>_____<br>*Defendant* | ) <br> ) <br> ) Case No.    3   11   70143<br> ) <br> )                 **MEJ** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 02/05/2011 in the county of San Mateo in the Northern District of California, the defendant violated 18 U. S. C. § 2252(a)(4)(B), an offense described as follows:

Possession of Child Pornography

**FILED**
FEB 15 2011
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

This criminal complaint is based on these facts:

See attached declaration of ICE S.A. Tim Patterson.

☑ Continued on the attached sheet.

APPROVED AS TO FORM:
_____
OWEN MARTIKAN, AUSA

_____
*Complainant's signature*

Special Agent Tim Patterson, ICE/DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/15/11

_____
*Judge's signature*

City and state: San Francisco, California     Hon. Timothy Bommer, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: GEORGE CIEPIELA

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Tim Patterson, do swear and affirm as follows:

### I. INTRODUCTION AND PURPOSE FOR AFFIDAVIT

1. This affidavit is made in support of an arrest warrant against George CIEPIELA for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The statements contained in this affidavit are based on my experience and training as a Special Agent and the information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that CIEPIELA violated Title 18, United States Code, section 2252(a)(4)(B).

### II. AGENT BACKGROUND

2. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Resident Agent in Charge, San Francisco International Airport. I have been so employed since 2003. As part of my daily duties as an ICE Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252(a). I have received training in the area of child pornography

1

and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have been a sworn federal law enforcement officer since 1999. Prior to my employment with ICE, I was employed as a United States Border Patrol Agent with the Department of Justice. I graduated from the Criminal Investigators Training Program and ICE Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia.

### III. APPLICABLE LAW

3.  Under Title 18, United States Code, Section 2252(a)(4)(B), it is a crime for any person to knowingly possess any matter containing any visual depiction that has been mailed, or has been shipped or transported using any facility or interstate or foreign commerce or in or affecting interstate or foreign commerce, or that was produced using materials that have been mailed or so shipped or transported by any means, including by computer, if the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and the depiction is of such conduct.

4.  Sexually explicit conduct includes, among other things, masturbation, the lascivious exhibition of the genitals or pubic area of any person, and graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex.

## IV.      FACTS ESTABLISHING PROBABLE CAUSE

5.      On February 5, 2011, at approximately 7:00pm, English speaking, U.S./Polish dual citizen George Andrew CIEPIELA arrived at San Francisco International Airport from Wroclaw, Poland, on Lufthansa Airlines flight #458 via Munich, Germany. CIEPIELA was traveling on U.S. passport #XXXXXX456. A computer indices check of CIEPIELA revealed that CIEPIELA was at one time under investigation for possession of child pornography in Snohomish, Washington. Based on this information, U.S. Customs and Border Protection (CBP) Officer Dingcong referred CIEPIELA for further examination.

6.      During secondary examination, CIEPIELA stated that he currently lives in Wroclaw, Poland, where he attends medical school. CIEPIELA stated that he has been living in Poland since September, 2008, and that he is in his first year of medical school. CIEPIELA said that he was traveling to the U.S. for two weeks to visit his family in Snohomish, WA. CBP Officers Love and Roberts conducted a baggage exam of CIEPIELA's luggage. During the course of the baggage exam, two laptop computers were discovered: a Gateway Laptop Computer bearing serial number LUWH20D0060052EFAE1601, and a Sony VAIO Laptop Computer, Model number PCG-7112L, bearing serial number 2827203004816.

7.      CBP Officers asked CIEPIELA if his computers contained any images of children; CIEPIELA answered no. CIEPIELA was asked by CBP Officer Love if he would consent to his laptop computers being reviewed. CIEPIELA gave verbal consent for his laptop computers to be reviewed. CBP Officer Love conducted a review of the Sony VAIO laptop computer. CBP Officer Love discovered a link to a website named

3

www.gay.com. CBP Officer Love then conducted a review of the Gateway laptop. CBP Officer Love discovered an image of a nude pre-pubescent boy lying down with his legs spread to display his genitalia. CBP Officer Love ceased his review and contacted ICE.

        8.      At approximately 10:00pm that same day, ICE Special Agent Chan and I interviewed CIEPIELA at the San Francisco International Airport. CIEPIELA was advised of his Miranda Warnings, and CIEPIELA waived his Miranda rights both verbally and in writing. CIEPIELA said that he possessed approximately twenty to thirty images of child pornography on his laptop computers. CIEPIELA stated that his internet provider was Multimedia Polska, a Polish-based company. CIEPIELA stated he was just curious about young boys, and that he had not molested any children. CIPIELA stated that he would trade images of himself for the child pornographic images located on his laptop computer, while he was living in Poland. CIEPIELA stated that he obtained most of his child pornography through the www.gay.com website. CIEPIELA explained that www.gay.com is a website that hosts chat rooms and generally caters to adults. However, there is a chat room on the website called "married room" that caters to individuals interested in child pornography.

        9.      CIEPIELA stated that he has encountered individuals who claim to have child pornographic images of their own children. CIEPIELA stated that many people make this claim, but that he believes it is rarely true. On one occasion, however, sometime in December, 2010, or January, 2011, CIEPIELA engaged in internet chat with an individual who claimed to come from the Northeastern United States. This individual sent CIEPIELA images that he stated depicted his adopted prepubescent son M. engaged in sexual acts. CIEPIELA believed that M. is being actively molested by this individual.

4

10. On February 8, 2011, ICE Computer Forensics Analyst (CFA) Hart began a Computer Forensic review of the Gateway and Sony VAIO laptops. During the review, CFA Hart and I observed approximately 478 images of minors engaged in sexually explicit conduct, about 40 of which were unique images. Descriptions of two typical images follow:

    a. Forensic Tool Kit item# 153058 – a female child less than 5 years of age being vaginally penetrated by an adult penis.

    b. Forensic Tool Kit item # 348097 – a child less than 5 years of age being anally penetrated by an adult penis.

## V. **CONCLUSION**

11. Based on the aforementioned facts and information, there is probable cause to believe that on February 5, 2011, in the Northern District of California, George CIEPIELA did knowingly possess matters containing visual depictions that had been shipped and transported using any facility of interstate and foreign commerce and in or affecting interstate or foreign commerce, and that was produced using materials that have been mailed or so shipped or transported by any means, including by computer, that involved the use of a minor engaging in sexually explicit conduct, and that were depictions of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Tim Patterson, Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Subscribed and sworn before me on:

2/15/11
Date

HON. TIMOTHY J. BOMMER
U.S. MAGISTRATE JUDGE

6