1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  OWEN P. MARTIKAN  (CABN 177104)
   Assistant United States Attorney
5
     450 Golden Gate Ave., Box 36055
6    San Francisco, California 94102
     Telephone: (415) 436-7200
7    Fax: (415) 436-7234
     E-mail:  owen.martikan@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13

14                                    )   CR No.  3:11-70143 MEJ
   UNITED STATES OF AMERICA,          )
15                                    )   STIPULATION AND
         Plaintiff,                   )   [PROPOSED] INTERIM PROTECTIVE
16                                    )   ORDER
         v.                           )
17                                    )
   GEORGE CIEPIELA,                   )
18                                    )
         Defendant.                   )
19                                    )
                                      )
20

21        Plaintiff, United States of America, by and through MELINDA HAAG, United States

22  Attorney for the Northern District of California, and OWEN P. MARTIKAN, Assistant United

23  States Attorney for the  Northern District of California, and the defendant, GEORGE CIEPIELA,

24  and his attorney JODI LINKER, hereby stipulate and agree as follows:

25        WHEREAS the defendant is charged in a one-count Complaint charging violation of Title

26  18, United States Code, section 2252(a)(4)(B) Possession of Child Pornography.  In connection

27  with this Complaint, the United States is in possession of computer media, materials, and

28  property that it alleges constitute and/or contain images and/or videos of child pornography.

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 3:11-70143 MEJ                                                          1

1    WHEREAS pursuant to Title 18, United States Code, section 3509(m), notwithstanding
2  Fed. R. Crim. P. 16, courts are required to deny defense requests to copy, photograph, duplicate,
3  or otherwise reproduce any property or material constituting child pornography if the United
4  States makes the property or material reasonably available to the defendant and provides ample
5  opportunity for the defense to examine it at a government facility.  18 U.S.C. § 3509(m).

6    WHEREAS in order to comply with Title 18, United States Code, section 3509(m), and
7  to allow the defendant the greatest opportunity to prepare an effective defense in preparation for
8  trial in this matter, the United States and defendant agree that disclosure of the alleged
9  contraband materials on the seized computer media are subject to the following restrictions:

10    IT IS HEREBY STIPULATED AND AGREED:

11  1.    The provisions of this Interim Protective Order apply to computer media, materials, and
12  property that the United States alleges constitute and/or contain images and/or videos of child
13  pornography ("alleged contraband materials").  Without conceding that each image and/or video
14  within the alleged contraband materials constitutes child pornography, the defendant agrees that
15  the provisions of this Interim Protective Order apply to the alleged contraband materials.  In the
16  event of a dispute as to whether a specific image and/or video constitutes child pornography, the
17  defendant agrees that the provisions of this Interim Protective Order apply unless and until the
18  counsel for the United States agrees in writing that a specific image and/or video is not child
19  pornography or the Court enters an Order to that effect.

20  2.    The following individuals (the "defense team") may obtain and examine the alleged
21  contraband materials under the conditions set forth herein for the sole purpose of preparing the
22  defense and for no other purpose:

23        a.    Counsel for defendant;

24        b.    Persons employed by defense counsel who are assisting with the preparation of
25              the defense;

26        c.    Defendant, but only in the presence of his/her attorney;

27        d.    Any expert retained on behalf of the defendant to assist in the defense of this
28              matter;

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 3:11-70143 MEJ                                                                    2

1        e.     Any investigator retained on behalf of defendants to assist in the defense of this

2        matter.

3   3.     The United States shall make one forensic copy of all seized computer media ("defense

4   hard drive") for the defense team. The defense hard drive will be configured in a format

5   requested by the defense team, provided that the tools required to configure the hard drive in the

6   requested format are known to and available to the United States. The defense hard drive shall

7   be made available in a private room at the offices of the United States Attorney, 450 Golden Gate

8   Avenue, San Francisco, CA, 94102, or any other location agreed upon by the parties (the

9   "examination room"). The defense hard drive shall remain in the examination room at all times

10  and shall not removed from the examination room by any member of the defense team. The

11  defense team will have access to the examination room during business hours, or on any other

12  practicable terms that can be agreed upon by the parties, and will be escorted to and from the

13  room by counsel for the United States or a person designated on his/her behalf. While the

14  defense team is reviewing the defense hard drive, no agents of the United States will be permitted

15  inside the examination room, except in the event of a building emergency that requires

16  immediate access to the examination room.

17  4.     The examination room will have land-line phone access and a computer workstation that

18  meets the minimum system requirements for the defense team to view the alleged contraband

19  materials and/or install software for forensic analysis of the defense hard drive. The computer

20  workstation provided by the United States shall not be connected to the Internet or to any other

21  computer network. The defense team will be permitted to bring into the examination room

22  whatever hardware, software, books, or records it believes necessary to conduct the examination,

23  including a computer on which it may conduct a forensic analysis of the defense hard drive.

24  Any computer brought in by the defense team and used to conduct an examination of the defense

25  hard drive shall not be connected to the Internet or to any other computer network. The defense

26  team will also be permitted to bring in and use a computer that provides internet access at its own

27  expense, provided that any computer used to provide access to the internet is not connected to the

28  computer used to examine the defense hard drive. The defense team will be permitted to leave

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 3:11-70143 MEJ                                  3

1   the computer work station provided by the United States and /or its own computer processing the
2   defense hard drive in its absence. While a computer used by the defense team is processing the
3   defense hard drive in the absence of the defense team, no agents of the United States will be
4   permitted inside the examination room, except in the event of a building emergency that requires
5   immediate access to the examination room. At the conclusion of defense team's use of the
6   examination room, the workstation provided by the United States will be re-imaged. Neither the
7   United States nor its agents will review the defense team's configurations on the workstation at
8   any time.

9   5.      If agreeable to all parties and practicable, a copy of the defense hard drive may be stored
10  in a locked or restricted location designated by the United States for subsequent examination by
11  the defense team, so that the United States will not have to reimage the defense hard drive for
12  each examination by the defense team. The integrity of this hard drive may be verified by the use
13  of a container sealed with tamper-evident evidence tape. When the defense team has advised
14  counsel for the United States that it has completed its examination of the defense hard drive, the
15  United States will re-image the hard drive to remove all data from the hard drive. Neither the
16  United States nor its agents will review the defense team's configurations on the defense hard
17  drive at any time.

18  6.      The defense team shall not make copies of and shall not remove any images or videos
19  from the alleged contraband materials without further Court Order. This prohibition includes (1)
20  printing images and images from videos onto paper and (2) duplicating images and videos in any
21  digital format; (3) carrying images and videos off-site from the examination room; and (4)
22  sending images and videos off-site electronically. Non-image files such as word processing files,
23  emails, and other text files may be duplicated to the extent necessary to prepare the defense of
24  this matter but only after the person duplicating the material has confirmed that the file does not
25  contain any embedded image or video files. The defense team may remove printed notes and/or
26  reports provided that the person seeking to remove the notes and/or reports has confirmed that
27  the notes and/or reports do not contain any embedded image or video files.

28  7.      Prior to receiving access to the materials on any occasion, the defense team members

1  involved in that examination shall sign a copy of this Certification to be filed with the Court
2  acknowledging that:

3      a.    S/he has reviewed the Order;

4      b.    S/he understands the contents;

5      c.    S/he will only access the defense hard drive for the purposes of preparing a
6            defense;

7      d.    S/he will not access the defense hard drive from any computer that is connected to
8            the Internet or any local network;

9      e.    S/he will not remove the defense hard drive or any alleged contraband materials
10           from the examination room; and

11     f.    S/he understands that failure to abide by this Order may result in sanctions by this
12           Court and in state or federal criminal charges for possession, transportation,
13           receipt, or distribution of child pornography.

14 8.    Upon conclusion of any examination, the defense team members involved in that
15 examination will certify in writing, to be filed with the Court, that s/he has not copied and has not
16 removed the defense hard drive and/or any alleged contraband materials from the examination
17 room. Except when a member of the defense team involved in that examination fails to provide
18 this certification, no employee of the United States will examine or acquire in any fashion any of
19 the items used by the defense team to conduct its analysis. If a member of the defense team fails
20 to certify that s/he has not copied and has not removed any alleged contraband materials, the
21 United States may inspect or examine the defense hard drive and any computer and computer
22 media used by the defense team to ensure that contraband has not been removed.

23 9.    In the event that the defense team inadvertently removes any alleged contraband
24 materials, it shall immediately inform counsel for the United States and return it to him/her
25 within 24 hours.

26 10.    This Stipulated Order is a negotiated procedure by the parties in this case. It does not
27 constitute a concession or waiver by the United States regarding discovery procedures generally
28 for providing access to child pornography under Title 18, United States Code, section 3509(m).

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 3:11-70143 MEJ                              5

1  It also does not represent a stipulation by the defense team conceding the constitutionality of

2  Title 18, United States Code, section 3509(m). This Stipulated Order will permit the parties in

3  the present case to avoid litigation regarding Title 18, United States Code, section 3509(m) but

4  does not represent a waiver or concession in other or future cases.

5  11.    A copy of this Stipulation and Interim Protective Order shall be maintained with the

6  alleged contraband materials at all times.

7  12.    Any disputes concerning this Stipulation and Interim Protective Order shall be resolved

8  by this Court only after counsel for the United States and defendant have first conferred and

9  attempted to resolve the dispute.

10

11  SO STIPULATED:

12                                                    MELINDA HAAG
                                                      United States Attorney
13

14  DATED: October 21, 2011                           _____/s/_____
                                                      OWEN P. MARTIKAN
15                                                    Assistant United States Attorney

16
    DATED: October 21, 2011                           _____/s/_____
17                                                    JODI LINKER
                                                      Attorney for George Ciepiela
18

19  SO ORDERED.

20

21  DATED: _10/28/11_

22                                                    HONORABLE TIMOTHY J. BOMMER
                                                      United States Magistrate Judge
23

24

25

26

27

28

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 3:11-70143 MEJ

1

2                        UNITED STATES DISTRICT COURT

3                      NORTHERN DISTRICT OF CALIFORNIA

4                          SAN FRANCISCO DIVISION

5

6                                          )     CR No. 3:11-70143 MEJ
     UNITED STATES OF AMERICA,             )
7                                          )     CERTIFICATION TO INTERIM PROTECTIVE
            Plaintiff,                     )     ORDER
8                                          )
            v.                             )
9                                          )
     GEORGE CIEPIELA,                      )
10                                         )
            Defendant.                     )
11                                         )
     _____ )
12

13          The undersigned acknowledges that s/he has received a copy of the Interim Protective Order

14   in the matter of United States v. George Ciepiela, CR 3:11-70143 MEJ, and has read, understands,

15   and agrees to the terms of the Stipulation and Interim Protective Order, and hereby submits to the

16   jurisdiction of the United States District Court for the Northern District of California for the

17   purposes of enforcement of the terms and punishment of any violations thereof.

18      .

19   Date: _____
                                           [Name]
20                                         [Title]

21

22          Having completed an examination of the defense hard drive, I hereby certify that I have not

23   copied and have not removed the defense hard drive and/or any alleged contraband materials from

24   the examination room.

25

26
     Date: _____
27                                         [Name]
                                           [Title]
28

     CERTIFICATION TO INTERIM PROTECTIVE ORDER,
     CR No. 3:11-70143 MEJ                                                                    1